UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMILTON CLARK SUSTAINABLE CAPITAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN BIODIESEL, INC., <br><br> Defendant. | Case No. 22-cv-05274-WHO <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** <br><br> Re: Dkt. No. 15 |

Plaintiff Hamilton Clark Sustainable Capital, Inc. ("Hamilton Clark") moves for default judgment against defendant American Biodiesel, Inc., which does business as Community Fuels, in this breach of contract action arising from Community Fuels' alleged failure to pay Hamilton Clark for the work it performed to secure the company's sale.

The motion is GRANTED, as I indicated at the January 4, 2023, hearing. *See* Dkt. No. 17. The jurisdictional and service requirements are satisfied, and the majority of the factors that courts consider when deciding whether to grant default judgment support doing so in this case. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). There is a risk of prejudice to Hamilton Clark without default judgment, as it is unclear how it will otherwise recover the damages it seeks. Hamilton Clark has sufficiently pleaded its claims against Community Fuels, and those claims have merit. The sum of money at stake is significant, but so is the seriousness of the defendant's conduct, in that it has not paid Community Fuels for the services it contractually agreed to. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002) ("the court must consider the amount of money at stake in relation to the seriousness of [the] defendant's conduct"). No genuine dispute of material facts precludes granting judgment, as "[u]pon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *See id.* at 1177. There are no signs of excusable neglect; Community Fuels was served with the complaint but has not entered an appearance or otherwise responded. *See* Dkt. No. 9. And

1  although "[c]ases should be decided upon their merits whenever reasonably possible," this factor

2  alone is not dispositive.  *PepsiCo*, 238 F. Supp. 2d at 1177 (citing *Eitel*, 782 F.2d at 1472).

3       The only outstanding issue was the amount of damages, which must be proven on a

4  motion for default judgment.  *See* Dkt. No. 15; *see also Board of Tr. of the Boilermaker Vacation*

5  *Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005) ("Plaintiff has the burden of

6  proving damages through testimony or written affidavit.").  The supplemental declaration

7  submitted by Hamilton Clark shows that Community Fuels was sold for $20,000,000, as alleged in

8  the complaint.  *See* Dkt. No. 19.  Because that sale serves as the basis for the $600,000 in damages

9  that Hamilton Clark seeks, it has shown that it is entitled to that amount.

10       The agreement between Hamilton Clark and Community Fuels includes an indemnification

11  provision under which Community Fuels would reimburse Hamilton Clark "for all fees and

12  expenses (including the reasonable fees and expenses of counsel) . . . as they are incurred in

13  investigating, preparing, pursuing or defending any claim, action, proceeding or investigation . . .

14  arising out of or in connection with any advice or services" rendered pursuant to the agreement.

15  Compl. [Dkt. No. 1] Ex. A at 6.  Hamilton Clark seeks $38,433.75 in attorney fees and $1,441.82

16  in costs.  *See* Suppl. Medlong Decl. [Dkt. No. 18] ¶¶ 4-5.  Generally, the amount is reasonable

17  given the discounted hourly rates charged by counsel and the number of hours spent on the matter.

18  *See id.*, Ex. A; *see also* Mot. [Dkt. No. 15] Medlong Decl., Ex. B.  I will, however, subtract $715

19  from the $2,899 sought in the supplemental declaration, as the number of hours worked by Jesse

20  Medlong (2.60 hours) multiplied by his hourly rate ($840) amounts to $2,184, not $2,899.  *See*

21  Suppl. Medlong Decl., Ex. A; Mot., Medlong Decl. ¶ 10.

22       Accordingly, default judgment is entered against the defendant in the amount of $600,000,

23  plus $37,718.75 in attorney fees and $1,441.82 in costs.

24       **IT IS SO ORDERED.**

25       Dated: February 7, 2023



William H. Orrick
United States District Judge

2